UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER LENHART,** | ) | **CASE NO. 1:24 CV 0041** |
| | ) | |
| Petitioner, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **OHIO ADULT PAROLE AUTHORITY,** | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

Christopher Lenhart filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. He is currently incarcerated in FCI Cumberland, serving a sentence of 80 months for being a felon in possession of a firearm. *See United States v. Lenhart*, No. 1:19 cr 673 (ND Ohio Nov. 20, 2023). At the time he committed the offense that led to his current incarceration, he was on post release control from a sentence he received from the State of Ohio. He claims that his new federal sentence contained a two-point enhancement for committing a felony while on supervised release. He also received a sanction from the Ohio Adult Parole Authority for violating the terms of his post release control. Petitioner contends that he was already sanctioned with the two-point sentence enhancement and should not have had an additional sanction imposed by the State of Ohio. He asks this Court to order the State of Ohio to terminate his Post Release Control sanction.

Before a federal court will review the merits of a Petition for a writ of Habeas Corpus filed under 28 U.S.C. §2254, a Petitioner must overcome several procedural hurdles. Specifically, the Petitioner must surmount the barriers of exhaustion, procedural default, and time limitation.

In this case, Petitioner did not comply with the exhaustion requirement. A prisoner challenging a state sentence must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a Petition for a writ of Habeas Corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). Petitioner gives no indication that he exhausted his state court remedies prior to filing this habeas petition. Moreover, it appears unlikely that he could have exhausted his state court remedies prior to filing this Petition, as he was sentenced in this federal court on November 20, 2023. He filed this Petition just 49 days later on January 8, 2024. He would not have had the opportunity to submit this issue to the state courts and appeal those decisions to the Supreme Court of Ohio. This Petition is premature.

For all the foregoing reasons, the Petition for a Writ of Habeas Corpus (ECF No. 1) is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

**IT IS SO ORDERED**.

3/18/2024

**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**